In re David and Caroline **BALLENGEE**, Debtors.

**INLAND MORTGAGE CORPORATION, Plaintiff,**

v.

**David and Caroline BALLENGEE, Nancy Michels, Trustee, Defendants.**

**Bankruptcy No. 84–0067.
CM No. 84–0043.**

United States Bankruptcy Court,
D. New Hampshire.

May 5, 1984.

Richard Peppe, Derry, N.H., for Inland Mortgage Corp.

Raymond Kelly, Manchester, N.H., for debtors.

Nancy Michels, Trustee.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case presents the Court with the legal equivalent of a game of mirrors. The Veterans' Administration of the United States (hereinafter "VA"), acting through its home-mortgage guaranty program, in January of 1983 approved mortgage financing for the debtors which permitted them to buy a home for $87,900 with little down payment. To cover the required monthly mortgage payments it was clear that the debtors would have to rely on 100 percent disability benefits that Mr. Ballengee was then receiving from the VA in his status as a disabled veteran of the Vietnam War.

In September of 1983 the VA, acting through procedures for annual review of the status of disabled aid recipients, reduced Mr. Ballengee's disability status from 100 percent to 70 percent. Because of various weighting factors involved under the disability laws, this caused a reduction in disability payments to Mr. Ballengee from the prior $1,300 a month to $650 a month. No notice or warning was given with regard to this reduction. Mr. Ballengee presently has an appeal pending with the VA in Washington, D.C. regarding this action.

Mrs. Ballengee contacted the mortgagee, Inland Mortgage Corporation, and was advised that payments could be suspended for three months until the Ballengee's had a chance to try to work out the problem with the VA. Mrs. Ballengee also proceeded to get a teaching job but her additional income, together with other pension benefits still retained by Mr. Ballengee was insufficient to make the monthly mortgage payments to Inland Mortgage Corporation. This situation will continue until, and if, the pending appeal with regard to the VA action is resolved in Mr. Ballengee's favor.

The Ballengees did put the house up for sale and had a purchase offer for $103,000 from a broker in December of 1983. They thereupon moved out of the house into a condominium pending closing of the sale. However, it was discovered that there were problems with the sewerage system in violation of local ordinances which were undisclosed to the Ballengees by the prior owner. The sale fell through. A suit against the prior owner is pending. While the debtors were out of the house in January of 1984, showing good faith to the VA and the mortgagee in the circumstances, certain hot water pipes burst for an unexplained reason and caused extensive steam damage to the premises.

To add to the tale of woe, Mr. Ballengee suffered various physical and nervous problems associated with moving from the secluded house to the condominium. As a final irony, the VA originally installed various ramps in the house to alleviate the physical problems.

The debtors as a last resort filed a Chapter 13 petition in this court on February 22, 1984. The mortgagee, perhaps now mindful of its duty to pursue the collateral to preserve its guaranty from the VA, filed a motion for relief from stay to permit it to foreclose on the property.

The evidence submitted at that hearing establishes the present market value of the property at $96,600, by virtue of increases of value in the area and improvements to the property by the Ballengees costing some $12,000, and taking into account insurance proceeds to cover the steam damage now received and turned over by the debtor to the mortgagee.

**64**

The evidence on the mortgage debt, although sketchy, indicates a present secured debt, including interest to May 22, 1984, in an amount not exceeding $95,000. While this indicates equity in the property, the mortgagee argues that foreclosure nevertheless should be permitted because the record is clear that the debtors can make no payments on the loan until and if the disability benefits are restored.

It was represented to the court that the VA decision in Washington "will take seven or eight months or more." The mortgagee therefore argues it would be improper to hold it off from realizing on the collateral for this period of time upon a mere conjecture of possible favorable action on the pension matter.

It should be obvious, however, that it is really the VA that is the party most directly involved in all aspects of this unfortunate case. The VA allowed the debtors to buy the house; the VA then removed their financial ability to pay for it; and now the VA through its requirements for foreclosure by its insured principal is demanding that the debtors be thrown out of the house.

Since it is in the power of the VA to expedite the appeal regarding the status of Mr. Ballengee's disability condition, the court concludes that in equity the VA should bear the exposure for any loss that Inland Mortgage Company may suffer due to delay in realizing on its collateral while the debtors await the outcome of their disability appeal.

For the foregoing reasons the motion for relief from stay is denied, without prejudice to its re-assertion as further developments may warrant.